```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF VERMONT

SO-PAK-CO, INC.                   :
                                  :
     v.                           :
                                  :
M. PETER THOMSON, ALBERT F.       :
FREIHOFER, JAMES L. SULLIVAN,     :
WILLIAM HAGGERTY, ROBERT S.       :
ASHTON, CHARLES FREIHOFER,        :   CIVIL NO. 1:05CV268
MATTHEW QUINT, BLANCHE            :
GOLDGENBERGER, JOHN WESTNEY,      :
HERB MARTENS, JAMES GIBBONS,      :
FREIHOFER, JAMES WATERSTON,       :
RICHARD BAIDAS, JAMES TAYLOR,     :
CLAREX, LTD., TM VENTURE LLC,     :
and NEW ENGLAND COUNTRY           :
FOODS LLC.                        :
_____    :
```

                    RULING ON PENDING MOTIONS
            (Papers 12, 18, 26, 27, 34, 35 and 53)

   After a week-long jury trial in a prior-related action filed in this Court, plaintiff So-Pak-Co, Inc. ("So-Pak-Co) obtained a $299,680.98 judgment against Vermont Country Foods.  See generally Vt. Country Foods, Inc. v. SO-PAK-CO, Inc., No. 1:02CV83.  So-Pak-Co believes that, shortly before trial, the principals of Vermont Country Foods transferred their company's assets in anticipation of and for the purpose of avoiding payment of the adverse judgment So-Pak-Co eventually secured.

   So-Pak-Co alleges the named defendants have wrongfully transferred the assets of Vermont Country Foods, thereby rendering its attempts to execute on its judgment unfruitful.  The plaintiff, therefore, has filed this action which alleges,

                                  1

inter alia, breaches of directors' fiduciary duty and fraudulent conveyances by the officers and/or directors of Vermont Country Foods.

Prior to filing answers to the complaint, several defendants have filed motions to dismiss or, in the alternative, for summary judgment.  To the extent defendants have moved for summary judgment at this early stage, those motions (Docs. 27, 34 and 53) are DENIED without prejudice to renew after completion of discovery.  See, e.g., Peck v. Baldwinsville Sch. Bd. of Educ., 7 Fed. Appx. 74 (2d Cir. 2001) (finding it error to convert a motion to dismiss into one for summary judgment prior to ability to conduct pertinent discovery); Richard Feiner & Co., Inc. v. HR Indus., Inc., 1999 WL 385763 (2d Cir. 1999) (grant of summary judgment prior to discovery deemed "premature" given factual uncertainties in copyright case); Mid Atlantic Telecom, Inc. V. Long Distance Serv. Inc., 18 F.3d 260, 264 (4th Cir. 1994) (holding "the district court abused its discretion in denying Mid Atlantic's request for discovery to establish support for its claim that it was an intended target of LDS's fraudulent scheme"); Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946 (3rd Cir. 1990) (finding the grant of summary judgment prior to effective discovery in antitrust case premature).

The pending motions to dismiss (Docs. 12, 18, 26, 27, and 34) are likewise DENIED.  When ruling on a motion to dismiss, the

Court must accept as true all allegations in the complaint and draw all reasonable inferences therefrom in the plaintiff's favor.  See, e.g., Koppel v. 4987 Corp., 167 F.3d 125, 130 (2d Cir. 1999).  The gravamen of So-Pak-Co's complaint is the defendants have defrauded vendors of Vermont Country Foods, and, in particular, they have wrongfully transferred the assets of Vermont Country Foods to avoid payment of its judgment against the company.  Under Vermont law, a judgment creditor may collect the judgment from an alleged successor corporation where it can establish factors such as continuity of ownership, the transfer of assets without adequate consideration, and a similarity between the successor business and the previous one.  See generally Gladstone v. Stuart Cinemas, Inc., 878 A.2d 214 (Vt. 2005).  Significantly, the court seems to have suggested successor corporation liability may apply where a transfer of assets is made for the purpose of avoiding payment to creditors.  See id. at 224 ("the underlying theory of the [mere continuation] exception is that if [a] corporation goes through a mere change in form without a significant change in substance, it should not be allowed to escape liability")(citation omitted).

    Finally, the plaintiff's Motion to Amend Complaint by Right (Paper 35) is GRANTED.  The parties are instructed to file a proposed discovery order forthwith.

    SO ORDERED.

Dated at Brattleboro, Vermont, this 22nd day of March, 2006.

                                               <u>/s/ J. Garvan Murtha</u>
                                               J. Garvan Murtha
                                               United States District Judge