```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF VERMONT
```

SO-PAK-CO, INC.                                 :
                                                :
    v.                                          :
                                                :
M. PETER THOMSON, ALBERT F. FREIHOFER,           :
JAMES L. SULLIVAN, WILLIAM HAGGERTY,              :
ROBERT S. ASHTON, CHARLES FREIHOFER,              :
MATTHEW QUINT, BLANCHE GOLDENBERG,                : CIV. NO. 1:05CV268
JOHN WESTNEY, HERB MARTENS, JAMES                 :
GIBBONS, MATTHEW FREIHOFER,                       :
KATHERINE FREIHOFER, JAMES WATERSTON,             :
RICHARD BAIDAS, JAMES TAYLOR,                     :
CLAREX, LTD., CON QUEROR, LTD.,                   :
GRAND LTD., TM VENTURE LLC,                       :
NEW ENGLAND COUNTRY FOODS, LLC,                   :
CAYBER MANAGEMENT LIMITED, GREENLEAF,             :
JAMBO LIMITED, KAROTS LIMITED,                    :
STRATOS LIMITED and WESTWARD (GRAND               :
CAYMEN) LIMITED,                                  :
_____:

## RULING ON MOTION FOR DEFAULT JUDGMENT
(Paper 107)

    The plaintiff seeks entry of judgment against a number of non-appearing defaulted defendants.  See Clerk's Entry of Default (Paper 91).  A hearing on the motion was held on September 11, 2006.

    The defaulting defendants' primary argument is that James Gibbons, who actually received service of process on their behalf in Bermuda, is not their "authorized agent."  See Response of Defendant James L. Gibbons (Paper 118) at 1-2.  Nevertheless, it is undisputed "that Mr. Gibbons is, in addition to being an investment advisor, also a director of Conqueror, Ltd. [sic], Cayber Management Ltd., Jambo Ltd., Stratos Ltd., and Grand Ltd." and is, therefore, a controlling figure in these entities.  See

Paper 122.  Furthermore, it appears these defendants were served pursuant to the Hague Convention in addition to being served through their representative, Mr. Gibbons.  Under these circumstances, default can be entered against the entities defendant Gibbons admittedly represents.  See, e.g., Bridgeport Music, Inc. V. Rhyme Syndicate Music, 376 F.3d 615, 624 (6th Cir. 2004) (a "managing agent" under Fed. R. Civ. P. 4(h) is someone authorized to transact business and vested with powers of discretion); Taft v. Moreau, 177 F.R.D. 201, 203 (D. Vt. 1997) (service which complies with Hague Convention is effective).

The Motion for Default Judgment is GRANTED in part.  The Clerk shall enter default judgment against the following non-appearing defendants: Con Queror, Ltd., Cayber Management Limited, Jambo Limited, Stratos Limited and Grand Ltd.  The Motion is DENIED as to Greenleaf and Karots Limited, which at the hearing were represented as a non-corporate entity and a corporation no longer in existence.  Issues relating to any award of damages are reserved until the time of trial.  See Akerley v. North Country, Inc., No. 2:05CV314, Memorandum and Order (D. Vt. July 28, 2006) (appended as exhibit to Paper 129).

SO ORDERED.

Dated at Brattleboro, Vermont, this 14th day of September, 2006.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge